UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCULPT INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-03398 |
| | § | |
| SCULPT NEW YORK, LLC. and | § | |
| MATTHEW COLE, | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is Sculpt Inc.'s motion for default judgment, requesting final default judgments against Sculpt New York, LLC and Matthew Cole (collectively "Defendants"). Dkt. 13. The court, having considered the motion, attached affidavits, other relevant documents in the record, and the applicable law, is of the opinion that the motion should be **GRANTED** as to liability. Plaintiff must still prove (i) whether it is entitled to permanent injunctive relief and (ii) any damages and costs it claims.

**I. BACKGROUND**

Plaintiff ("Sculpt Inc.") owns the federally registered service mark "Sculpt" which it uses primarily in connection with fitness related services, fitness and exercise facilities, and personal training. Dkt. 1. The mark was issued by the United States Patent and Trademark Office (the "USPTO") in 2005, and it is registered under United States Trademark Number 3176240. Dkt. 1, Ex. 1. Plaintiff asserts that the mark has gained "incontestable" status by virtue of its continued use and the timely filing of the Declaration of Incontestability as provided in Section 15 of the Lanham Act. 15 U.S.C. § 1065.

In its complaint, Plaintiff alleges that Defendants have been using the name "Sculpt" in connection with their fitness related business. Dkt. 1. Specifically, Plaintiff alleges that Defendants use the name "Sculpt" at their fitness and pilates studio called Sculpt New York, which is located in New York, New York. *Id*. at 3. Additionally, Defendants allegedly maintain and have been actively using the name "Sculpt" on their website: www.sculpt-newyork.com. *Id*.

Upon discovering Defendants' use of the name Sculpt, Plaintiff asserts that it sent Defendants several cease and desist letters in an attempt to get Defendants to refrain from their unauthorized use of the mark "Sculpt." *Id*. Defendants ignored Plaintiff's repeated requests, necessitating the filing of the instant lawsuit. *Id*. Moreover, before Defendants moved the fitness studio from Chicago, Illinois (which was called Sculpt Chicago) to its current facility in New York, and after having already received a cease and desist letter from Plaintiff, Defendant Matthew Cole attempted to register the mark "Sculpt Chicago" with the United States Patent Trademark Office. *Id*. at 3-4. In March of 2010, the examiner at the USPTO sent a letter explaining to Defendant that "Sculpt Chicago" would not be awarded a federal trademark registration in light of the earlier registration of Plaintiff's mark. Dkt. 1, Ex. 2. The letter states that the USPTO refuses to register Sculpt Chicago because of a likelihood of confusion with plaintiff's trademark, which it identifies as Registration No. 3176240. *Id*. The letter contains a lengthy analysis of how the similarities between "SCULPTCHICAGO" and "SCULPT" would lead to consumer confusion. *Id*. at 2-3.

After moving his fitness studio from Chicago to New York, Defendant Matthew Cole attempted to register the mark "Sculpt New York." Dkt. 1 at 6. The USPTO examiner once again refused to register Defendants' mark, citing the mark's "likelihood of confusion" to Plaintiff's trademark. Dkt. 1, Ex. 3.

## II. LEGAL STANDARD AND ANALYSIS

Pursuant to Federal Rule of Civil Procedure 55, entry of a default judgment is appropriate when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise. Fed. R Civ. P. 55(a).

The record shows that Sculpt Inc. properly served Sculpt New York, LLC and Matthew Cole each with a copy of the summons and complaint in compliance with Federal Rule of Civil Procedure 4(e). On December 3, 2014, the defendants were mailed two notices of a lawsuit and requests for waiver of service, copies of the original complaint, and the court's order for initial conference and disclosures. Dkt. 13, Ex. 1. The December 3, 2014 service package was served upon and received by Defendants at their last known address, 75 Wall Street, Suite 33F, New York, N.Y. 10005. Dkt. 7, Ex. 5.

Defendants did not return signed waiver(s) of service, nor did they file an answer with the court. Summons was issued against Defendants on February 12, 2015. Dkt. 7, Ex. 7 at 2. Personal service was attempted against Defendants in March 2015, but they refused to accept service of the summons and complaint. Dkts. 5, 6. On April 2, 2015, Plaintiff filed an ex parte motion for service upon Defendants via alternative means, seeking an order from the court authorizing alternative service upon Defendants under F.R.C.P. 4(e). Dkt. 7. By order of the court dated April 29, 2015, Plaintiff was directed to serve Defendants with process via alternative means. Dkt. 8. On April 30, 2015, a copy of Plaintiff's original complaint, summons in a civil action, the court's April 29, 2015 order granting Plaintiff's ex parte motion for service via alternative means, and the court's November 28, 2014 order for conference deadline and disclosure of interested parties were served

upon each of the Defendants via regular first class United States mail, as well as via certified first class U.S. mail, postage prepaid and return receipt requested. Dkt. 9, Exs. 2, 3. The signed U.S. postal service "Green Cards" reflecting defendants' receipt of the April 30, 2015 service package was received by Plaintiff's counsel on May 21, 2015. Dkt. 9.

Defendants failed to appear, plead, or otherwise defend this civil action. Given Defendants' failure to answer the complaint in a timely manner, the court has the authority to accept all well-pleaded facts in the complaint as true and to award relief sought by Plaintiff. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Under Local Rule 5.5, a motion for default judgment must be served upon a defendant via certified mail, return receipt requested. S.D. Tex. L.R. 5.5. Plaintiff satisfied Local Rule 5.5 by mailing copies of the motion for final default judgment as to all defendants and the affidavit in support of the motion for entry of final default judgment via certified mail, return receipt requested. Dkt. 13 at 7.

Additionally, the court finds that Matthew Cole is not a minor, not incompetent, and not engaged in active duty military service. Plaintiff has filed a military affidavit that complies with the Servicemembers Civil Relief Act, 50 U.S.C. App. § 521. Dkt. 13, Ex. 2. Section 521 "applies to any civil action or proceeding . . . in which the defendant does not make an appearance." 50 U.S.C. App. § 521. The Act states that "the court, before entering judgment for the plaintiff, *shall* require the plaintiff to file" an affidavit that meets the criteria of the Act. *See id.* § 521(b) (emphasis added).

On November 26, 2014, Plaintiff filed a complaint asserting two counts against Defendants: (i) trademark infringement in violation of 15 U.S.C. § 1114; and (ii) unfair competition under section

43 of the Lanham Act, 15 U.S.C. § 1125(a). Dkt. 1 at 8-9. Plaintiff's complaint seeks, *inter alia*, permanent injunctive relief, statutory damages, attorney's fees, and costs of court.

> Section 1114 provides that:
>
> Any person who shall, without the consent of the registrant… (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive... shall be liable in a civil action by the registrant for the remedies hereinafter provided. Under subsection (b) hereof, the registrant shall not be entitled to recover profits or damages unless the acts have been committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive.

15 U.S.C. § 1114.

> Section 1125(a) provides that:
>
> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-- **(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or **(B)** in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125 (a).

The court accepts Plaintiff's well-pleaded facts as true and therefore finds that Defendants violated § 1114 and § 1125(a).

Section 1117 sets forth the standard for recovery for violations of rights under § 1114 and § 1125(a). Section 1117(a) provides that when a violation of any rights under 1125(a) has been established, the plaintiff shall be entitled to recover:

> (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action. The court shall assess such profits and damages or cause the same to be assessed under its direction. In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed. In assessing damages the court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount. If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may award reasonable attorney fees to the prevailing party.

15 U.S.C. § 1117(a).

Sections 1117 (b) and (c) set forth the standards for assessing treble damages and statutory damages for the use of counterfeit mark.

Plaintiff has not yet presented any evidence on damages. Nor has Plaintiff sufficiently plead facts to establish that it is entitled to permanent injunctive relief. Per Plaintiff's request, the court will conduct a hearing to determine (i) whether to grant a permanent injunction against Defendants and (ii) the amount of damages, attorney's fees, and costs to be awarded to Plaintiff.

## III. CONCLUSION

For the foregoing reasons, Sculpt Inc.'s motion for default judgment is **GRANTED** as to liability.

The court will conduct a hearing to determine the appropriate relief on September 23, 2015, at 10:00 am in Courtroom 9-D, 515 Rusk, Houston, Texas.

Plaintiff must serve a copy of this order upon defendants via certified mail, return receipt requested.

It is so **ORDERED**.

Signed at Houston, Texas on September 10, 2015.

_____
Gray H. Miller
United States District Judge