United States District Court
Southern District of Texas
**ENTERED**
November 03, 2015
David J. Bradley, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| SCULPT INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-3398 |
| | § | |
| SCULPT NEW YORK, LLC, and | § | |
| MATTHEW COLE, | § | |
| | § | |
| *Defendants.* | § | |

### MEMORANDUM OPINION AND ORDER

Pending before the court are plaintiff Sculpt Inc.'s ("Plaintiff") requests for damages and permanent injunctive relief against defendants Sculpt New York, LLC, and Matthew Cole (collectively, "Defendants"). Dkt. 13. The court, having considered Plaintiff's complaint (Dkt. 1), the motion for default judgment (Dkt. 13), all admitted exhibits, Plaintiff's post-trial brief (Dkt. 22), all other evidence in the record, and the applicable law, is of the opinion that Plaintiff should be AWARDED statutory damages in the amount of $50,000.00, reasonable and necessary attorney's fees in the amount of $34,802.50 and expenses in the amount of $748.02, and that Defendants should be PERMANENTLY ENJOINED from using Plaintiff's trademark.

### I. BACKGROUND

On November 26, 2014, Plaintiff filed a complaint asserting two counts against Defendants: (i) trademark infringement in violation of 15 U.S.C. § 1114; and (ii) unfair competition under section 43 of the Lanham Act, 15 U.S.C. § 1125(a), seeking, *inter alia*, permanent injunctive relief, statutory damages, attorney's fees, and costs of court. Dkt. 1 at 8-9.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).  When a defendant fails to answer the complaint in a timely manner, the court has the authority to accept the plaintiff's well-pleaded facts as true and may award the relief sought by the plaintiffs.  *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  Defendants failed to appear, plead, or otherwise defend this civil action.  Accordingly, Plaintiff brought a motion for default judgment against Defendants.  Dkt. 13.  The court granted Plaintiff's motion for default judgment as to liability, holding that Defendants violated § 1114 and § 1125(a).  Dkt. 14 at 1.

On September 23, 2015, the court conducted a hearing to determine (i) whether to grant a permanent injunction against Defendants and (ii) the amount of damages, attorney's fees, and costs to be awarded to Plaintiff.  Plaintiff certified that notice of the September 23, 2015 hearing was served upon Defendants via certified U.S. mail, return receipt requested. Dkt. 15.  At the evidentiary hearing, Plaintiff presented fourteen (14) exhibits (Dkt. 19, Exs. 1-14), as well as the testimony of Plaintiff's vice-president, Mr. Samer Al-Azem.  Defendants did not appear at the hearing and have otherwise failed to respond or appear in this case.  Additionally, Plaintiff filed a post-trial brief in support of its request for statutory damages.  Dkt. 22.  The court now addresses Plaintiff's request for a permanent injunction, statutory damages, attorney's fees, and costs of court, and makes the following findings of fact and conclusions of law.

## II. INJUNCTIVE RELIEF & DAMAGES

**A. Findings of Fact**[1]

1.  Plaintiff owns the federally registered service mark "Sculpt" (the "mark"),  which it uses primarily in connection with fitness related services.  Dkt. 1 at 2.

2.  The mark was registered with the United States Patent and Trademark Office (the "USPTO") on November 28, 2006 under United States Trademark Number 3176240.  Dkt. 1, Ex. 1.

3.  The mark has gained "incontestable" status by virtue of its continued use and Samer Al-Azem's (Vice President of Sculpt, Inc.) timely filing of the Declaration of Incontestability as provided in Section 15 of the Lanham Act (15 U.S.C. § 1065).  Dkt. 1 at 3.

4.  Defendants began using the name "Sculpt" in connection with their fitness related business as early as November of 2009.  Dkt. 22 at 8.

5.  Upon discovering defendant Matthew Cole's use of the name Sculpt in November of 2009, Samer Al-Azem contacted Cole and advised him that his company at the time, "Sculpt Chicago," was infringing upon Plaintiff's mark, "Sculpt."  During this conversation, Cole assured Al-Azem that he would stop using the name "Sculpt Chicago."

6.  Despite such assurances, on December 10, 2009, Cole attempted to register the mark "Sculpt Chicago" with the USPTO.  In March of 2010, the examiner at the USPTO sent a letter explaining to Cole that "Sculpt Chicago" would not be awarded a federal trademark registration in light of the earlier registration of Plaintiff's mark.  Dkt. 1, Ex. 2.  The letter states that the USPTO refuses to register Sculpt Chicago because of a likelihood of confusion with Plaintiff's trademark,

---

[1]To the extent any Finding of Fact reflects a legal conclusion, it shall to that extent be deemed a Conclusion of Law, and to the extent any Conclusion of Law reflects a factual finding, it shall to that extent be deemed a Finding of Fact.

3

which it identifies as Registration No. 3176240. *Id.* The letter contains a lengthy analysis of how the similarities between "SCULPTCHICAGO" and "SCULPT" would lead to consumer confusion. *Id.* at 2-3.

7. In October of 2010, after moving his fitness studio from Chicago to New York, Cole attempted to register the mark "Sculpt New York." Dkt. 1 at 6. On February 11, 2011, the USPTO examiner once again refused to register Cole's mark, citing the mark's "likelihood of confusion" with Plaintiff's trademark. Dkt. 1, Ex. 3.

8. As part of Plaintiff's self policing duties, Mr. Al-Azem personally conducted a search on the internet in the fall of 2013, and discovered that Defendants were actively using the name "Sculpt" at their fitness and pilates studio called "Sculpt New York," which is located in New York, New York. Dkt. 22 at 9. Based on Al-Azem's investigation of Defendants' promotional materials, he discovered that the services provided by Defendants are essentially the same as the services provided by Plaintiff and that Defendants market their fitness services to corporate professionals in New York and bill at a minimum rate of $130 per hour. Dkt. 19, Exs. 6, 10.

9. At this time, Plaintiff retained counsel to address Defendants' ongoing misappropriation of Plaintiff's mark. Dkt. 22 at 9.

10. In 2014, Plaintiff sent Defendants two cease and desist letters (dated February 18th and March 25th) requesting Defendants to refrain from their unauthorized use of the Sculpt mark. Dkt. 22, Exs. 4, 5. Defendants ignored both of Plaintiff's requests, and Plaintiff filed the instant lawsuit on November 26, 2014. Dkt. 1.

11. Even after Plaintiff filed this lawsuit (Dkt. 1) and a motion for default judgment (Dkt. 13), and after the court granted default judgment (Dkt. 14), Defendants have continued to use the

4

name "Sculpt" on their website.  Dkt. 19, Ex. 6.  In the "Site Terms and Conditions of Use" section of the website, it states that "Sculpt New York" is a registered trademark (pending approval).  Dkt. 19, Ex. 13 at 3.  This representation is false.  *See* Dkt. 19, Ex. 3 at 2 (letter written by the examiner of the USPTO, dated February 11, 2011, denying registration of the "Sculpt New York" mark).

12.  As of September 21, 2015, Defendants were using this website to promote their products and services.  Dkt. 19, Ex. 6.  Additionally, as of the same date, Defendants were using the name "Sculpt" on their Facebook page (Dkt. 19, Ex. 8) and Twitter account (Dkt. 19, Ex. 7).

13.  Plaintiff has identified at least two of its clients who paid for Sculpt New York's services based on the belief that it was owned by or affiliated with Plaintiff due to Defendants' use of the Sculpt mark.

## B. Conclusions of Law

1.  This court has jurisdiction over the subject matter of this action.

2.  Venue is proper in this District.

3.  Defendants are subject to the jurisdiction of this court.

4.  As a result of Defendants' defaults in this action, they are deemed to admit the factual allegations in Plaintiff's complaint and concede liability on all causes of action alleged in Plaintiff's complaint.  *See, e.g.*, *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982) (stating that a defendant admits liability when it defaults).

5.  Permanent injunctive relief is appropriate when the plaintiff demonstrates: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to [plaintiff] outweighs any damage the

5

injunction might cause [defendant]; and (4) that the injunction will not disserve the public interest." *DSC Commc'ns Corp. v. DGI Techs., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996).

6.   A plaintiff is entitled to a permanent injunction to prevent any future trademark infringement by a defendant pursuant to 15 U.S.C. § 1116.

7.   Plaintiff established the four (4) necessary elements for a permanent injunction under 15 U.S.C. § 1116: (1) Plaintiff has already succeeded on the merits by obtaining a default judgment, establishing that Defendants violated § 1114 and § 1125(a) of 15 U.S.C. (Dkt. 14); (2) there is a substantial threat that Plaintiff will suffer irreparable harm without an injunction because of Defendants' repeated refusal to stop infringing upon Plaintiff's mark; (3) the threatened injury to Plaintiff (damages to its business reputation) outweighs any damage the injunction may cause Defendants; and (4) the injunction will not disserve the public interest.  Plaintiff is therefore entitled to permanent injunctive relief.

8.   Defendants, their representatives, agents, employees and all persons acting in concert, are ORDERED to immediately delete the word "Sculpt," or any substantially similar variation thereof, from the name or designation of their business enterprise, and from any and all websites or domain names owned by Defendants.

9.   Defendants, their representatives, agents, employees and all persons acting in concert, are PERMANENTLY ENJOINED from using a Trademark, Service Mark, Trade Name, or domain name that is comprised in whole or in part of the term "Sculpt," or any substantially similar term which is likely to cause confusion with the Trademark, Service Mark or Trade Name owned and used by Plaintiff.

10.   Within thirty days of the date on when Defendants are served with this order, Defendants are ORDERED to file with the court and serve on Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.  *See* 15 U.S.C. § 1116(a)(2012) (authorizing the court to order the defendants to file a report demonstrating compliance).

11.   Section 1117 sets forth the standard for recovery of damages for violations of rights under § 1114 and § 1125(a).  15 U.S.C. § 1117.  Section 1117(a) provides that when a violation of any rights under § 1125(a) has been established, the plaintiff shall be entitled to recover: "(1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."  *Id*. § 1117(a).  Plaintiff has not presented any evidence of Defendants' profits or damages sustained by Plaintiff.

12.   Section 1117(b) set forth the standards for assessing treble damages.  Section 1117(b) provides that "the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever is greater."  *Id*. § 1117(b).  Because Plaintiff has failed to prove actual damages or present evidence of Defendants' profits, treble damages are unavailable.

13.  Plaintiff has elected to seek an award of statutory damages instead of actual damages and profits under § 1117(a).  Section 1117(c) provides for statutory damages for use of counterfeit marks. It states, in relevant part:

> [T]he plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of--
>
> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or

7

(2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c).

14.   Defendant Matthew Cole has used two (2) counterfeit marks: "Sculpt Chicago" and "Sculpt New York," knowing that Plaintiff already owned the "Sculpt" mark.

15.   By virtue of their default, Defendants have admitted Plaintiff's allegations that they have acted knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights. *See Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009) (awarding $100,000 per trademark violation for a total of $400,000 where defendant was deemed to admit that it acted knowingly and intentionally by virtue of its default).   Accordingly, Plaintiff is entitled to statutory damages between $1,000 and $2,000,000 for each counterfeit mark used. *Id.*

16.   To determine where on this spectrum the damages award should lie, "[c]ourts consider such factors as the willfulness of the defendant's conduct, the deterrent effect of an award on both the defendant and on others, the value of the copyright, whether the defendant has cooperated in providing necessary records to assess the value of the infringing material, and the losses sustained by the plaintiff."   *Commercial Law League of Am., Inc. v. George, Kennedy & Sullivan*, *LLC*, No. CIV.A. H-07-0315, 2007 WL 2710479, at *3 (S.D. Tex. Sept. 14, 2007) (Rosenthal, J.) (awarding $10,000 in statutory damages due to the willfulness of defendants' conduct and the continued use of the mark after receiving cease and desist letters).

17.   In this case, three of the five factors (i.e., Defendants' willfulness, the need to deter Defendants' conduct, and Defendants' lack of cooperation) justify a substantial award of statutory damages per counterfeit mark.   The record demonstrates that Defendants have willfully infringed

Plaintiff's mark on several occasions over the past six years.  Defendant Cole was first put on notice that his use of the name "Sculpt Chicago" infringed upon Plaintiff's mark during the parties' initial conversation in November of 2009.  Therefore, when Cole applied to register the mark "Sculpt Chicago" with the USPTO in December of 2009, he had knowledge that Plaintiff owned the "Sculpt" mark.  After the examiner at the USPTO sent a letter to Cole explaining that "Sculpt Chicago" would not be awarded a federal trademark registration due to Plaintiff's registered mark, Cole attempted to register the mark "Sculpt New York" in October of 2010.  On February 11, 2011, the USPTO examiner once again refused to register Defendants' mark, citing the mark's "likelihood of confusion" with Plaintiff's trademark. Dkt. 1, Ex. 3.  Thereafter, Defendants continued to willfully trespass upon Plaintiff's mark for an additional five (5) years, in spite of repeated requests by Plaintiff to refrain from doing so.  Even after this court's order granting default judgment, (Dkt. 14), Defendants have continued their unauthorized use of the "Sculpt" mark.

18.  In light of these facts, the court finds that an award of $25,000 per counterfeit mark is appropriate, totaling $50,000 in statutory damages.  *See Polo Ralph Lauren, L.P. v. 3M Trading Co.*, No. 97-CIV-4824, 1999 WL 33740332, at *7 (S.D.N.Y. Apr. 19, 1999) (awarding $25,000 per trademark violation in order to deter defendants and compensate plaintiffs); *see also Gucci Am., Inc. v. Gold Ctr. Jewelry,* 997 F. Supp. 399, 401, 406 (S.D.N.Y. Jan. 29, 1998) (awarding $25,000 per trademark violation sought by plaintiffs);  *Odegard, Inc. v. Costikyan Classic Carpets, Inc.*, 963 F.Supp. 1328, 1341 (S.D.N.Y. May 6, 1997) (awarding $25,000 in statutory damages under the Copyright Act despite plaintiffs' failure to show that they lost profits or that the defendants benefitted financially).

19.  Pursuant to 15 U.S.C. § 1117(a), a court may award reasonable attorneys' fees in exceptional cases. An exceptional case is one in which the defendant's infringement can be

characterized as "malicious," "fraudulent," deliberate," or "willfull." *Schlotzsky's, Ltd. v. Sterling Purchasing & Nat'l Distribution Co.*, 520 F.3d 393, 402 (5th Cir. 2008). Under § 1117(b), a court "shall" award "a reasonable attorney's fee" if the defendant intentionally used the mark and knew that the mark was counterfeit, unless extenuating circumstances exist. *Rolex Watch USA, Inc. v. Meece*, 158 F.3d 816, 824 (5th Cir. 1998). "Extenuating circumstances" will rarely be found in cases in which the defendant has trafficked in goods or services using a mark that he or she knows to be counterfeit. *Dunkin' Donuts Inc. v. Mercantile Ventures*, 19 F.3d 14 at *3 (5th Cir. 1994).

20.   The court finds that Defendants' illegal counterfeiting and infringement of Plaintiff's mark was engaged in intentionally, knowingly, maliciously, and willfully. On at least five separate occasions, over the course of approximately six years, Defendant Matthew Cole was put on notice that he was infringing upon Plaintiff's trademark. Accordingly, Plaintiff is entitled to recover its reasonable attorney's fees under 15 U.S.C. § 1117(a)–(b).

21.   Plaintiff is also entitled to recover its costs incurred in this action under 15 U.S.C. § 1117(a).

22.   Counsel asserts that Plaintiff has incurred $34,802.50 in attorney's fees, as well as an additional $748.02 in out-of-pocket expenses. Dkt. 22 at 15. The court finds that these amounts are reasonable.

### III. CONCLUSION

Final judgment is ENTERED in favor of Sculpt Inc. against Defendants Sculpt New York, LLC, and Matthew Cole, jointly and severally, as follows:

1.      Defendants are PERMANENTLY ENJOINED from infringing upon the Sculpt Inc. mark, as outlined in Part II, *supra*.

2.      It is ORDERED that Plaintiff recover jointly and severally from Defendants Sculpt New York, LLC, and Matthew Cole the following damages:

      a.      statutory damages in the amount of $50,000.00.

      b.      reasonable and necessary attorney's fees in the amount of $34,802.50,

      d.      expenses in the amount of $748.02.

5.      Pre-judgment interest at the rate of 0.31% per annum.

6.      Post-judgment interest at the rate of 0.31% per annum.

It is so ORDERED.

Signed at Houston, Texas on November 3, 2015.

_____
Gray H. Miller
United States District Judge

11